

FILED

SEP 0 7 2010

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | | |
|---|---|---|
| JACOB WAYNE SMITH, | ) | CV 10-78-M-DWM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| JOHN WALSH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Smith is a state prisoner proceeding pro se. He filed an action pursuant to 42 U.S.C. § 1983. United States Magistrate Judge Jeremiah C. Lynch denied Smith's request for the appointment of counsel and directed him to file an amended complaint because his initial complaint fails to state a claim for relief. Smith objects to the order denying his request for counsel.

A magistrate judge may "hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or

-1-

information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action." 28 U.S.C. § 636(b)(1)(A). This Court may reconsider such an order if a party shows it "is clearly erroneous or contrary to law." Id.

Smith objects to the denial of his request for counsel, arguing he is unable to adequately articulate his legal claims and cannot properly amend his complaint without the assistance of an attorney. Judge Lynch correctly stated that there is no constitutional right to counsel in a claim under 42 U.S.C. § 1983. Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997). A court may appoint counsel to represent an indigent party in "exceptional circumstances," which requires a consideration of the likelihood of success on the merits. Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). As Judge Lynch found, Smith has failed to adequately allege any of his claims at this time, and thus has not shown a likelihood of success on the merits. There are no exceptional circumstances justifying the appointment of counsel. Judge Lynch's order is not clearly erroneous or contrary to law.

Smith will be given additional time to file an amended complaint. In so doing, he is not required, as he contends, to "properly word things in legal form."

The defects in his original complaint as discussed by the Court in its prior Order may be cured by the allegation of additional facts. Smith simply needs to tell the Court what happened and who is responsible. The Court does not require pro se pleadings to be in a particular form, it does not require particular legal wording, and it does not require legal research. The Court provided clear information regarding what defects were in Smith's Complaint and what needed to be alleged in order to state a claim.

IT IS HEREBY ORDERED that Judge Lynch's Order denying appointment of counsel (dkt #5) is adopted in full.

IT IS FURTHER ORDERED that on or before **September 30, 2010**, Mr. Smith may file an amended complaint.

Dated this 7th day of September, 2010.

Donald W. Molloy, District Judge
United States District Court