# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# MISSOULA DIVISION

| | |
|---|---|
| JACOB WAYNE SMITH,<br><br>             Plaintiff,<br><br>vs.<br><br>JOHN WALSH, et al.,<br><br>             Defendants. | Cause No. CV 10-00078-M-DWM-JCL<br><br><br>FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINTS |

Pending is Plaintiff Jacob Wayne Smith's Amended Complaint.  On August 12, 2010, the Court conducted an initial prescreening of Smith's Complaint pursuant to 28 U.S.C. § 1915 and 28 U.S.C. § 1915A.  The Court pointed out a number of deficiencies with Smith's Complaint and allowed him the opportunity to file an amended complaint.  The Court also provided Smith with a form for filing an amended complaint but Smith did not use the form.  On October 13, 2010, Smith filed four narrative pages providing additional factual allegations.  The Court will now complete the prescreening process.

## I.  STATEMENT OF CASE

### A.     Parties

As Mr. Smith did not use the Court's form for filing an amended complaint,

it is unclear which Defendants he intended to include in his Amended Complaint. In the original Complaint, Smith named John Walsh, BSB Sheriff;[1] Jim Kennedy, Detention Supervisor at BSB-CDF; Dr. Patrick McGree, a doctor with BSB-CDF; Steven Roney, classification officer at MASC/MCDF;[2] B. Rodrick, a Sergeant at MASC/MCDF; and Dan Maloughney, Detention Supervisor at MASC/MCDF. Mr. Smith discusses Nurse Brown at the Butte-Silver Bow County Detention Center in his Amended Complaint but it is unclear whether he intends to name Nurse Brown as a Defendant.

### B.    Allegations

Mr. Smith's allegations in his Amended Complaint are basically the same as in his original Complaint.  He alleges he was denied medical attention for a back injury sustained in a car accident and treatment and tests for Hepatitis C while incarcerated at the Butte Silver-Bow County Detention Facility and the Missoula Assessment and Sanctions Center.

Smith was incarcerated at the Butte Silver-Bow-Law Detention Center from

---

[1]Although not defined by Mr. Smith, the Court assumed BSB stands for Butte-Silver Bow County and BSB-CDF stands for Butte-Silver Bow County Detention Facility.

[2]Although not defined by Mr. Smith, the Court presumes MASC stands for the Missoula Assessment and Sanctions Center and MCDF stands for the Missoula County Detention Facility.

December 3, 2009 until April 21, 2010.  While there he alleges he was denied

exams, tests, scans, blood work, and proper medications.  He also contends he was

deliberately lied to, stalled, ignored, given excuses, threatened, and charged for

medications that could not help.  His Amended Complaint alleges he requested his

medications for Hepatitis C but Dr. McGree told him the jail would not pay for the

medications.  He also contends that he made it known that a Cellulitis infection

had begun on his stomach.  He states the nurse gave him ibuprofen but the

infection spread so dramatically in two days time that he was taken to the hospital.

Mr. Smith's Supplement to his Complaint contained numerous grievance

forms indicating Smith received some medical treatment while at Butte Silver-

Bow.  Specifically, he was given the anti-inflammatory medication Mobic for four

to five days, he was offered Naprosyn and Ibuprofen, he was seen at least twice by

Dr. McGree, and he was given blood pressure medications in December 2009.

Mr. Smith was incarcerated at the MASC from April 21, 2010 until June 14,

2010.  He contends the lack of medical care and mistreatment continued when he

was transferred to MASC/MCDF.  The medical grievances in Mr. Smith's

supplement indicate he was seen by a nurse practitioner at MASC but there is no

indication what specific treatment was provided.  Mr. Smith also alleges that while

in MASC his medical evidence disappeared and none of his inmate

-3-

communications/kite came back to him.

He alleges Dan Maloughney runs the MASC and supervises staff there.  He contends Sgt. Rodrick had authority over Steven Roney who answered his request for legal papers and then once Mr. Smith received those papers he noticed that at least six pages were missing.  The Amended Complaint alleges that once he was at MASC "they" refused to treat him or do any tests.

## III.  SCREENING PURSUANT TO 28 U.S.C. §§ 1915, 1915A

Although Mr. Smith did provide a few additional factual allegations in his Amended Complaint, his allegations still fail to state a claim upon which relief may be granted.  As such, this matter will be recommended for dismissal.

### A.  Named Defendants

Mr. Smith was advised in the Court's prior Order that Section 1983 imposes liability upon state actors only when their personal conduct violates a plaintiff's constitutional rights.  *Monell v. Department of Social Services*, 436 U.S. 658, 691-94, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).  Section 1983 will not impose liability on supervising officers under a respondeat superior theory of liability.  *Monell*, 436 U.S. at 691-94.  The Court found that in his original Complaint Mr. Smith failed to plead facts to implicate Defendants John Walsh, Jim Kennedy, Dan Maloughney, and Sgt. Rodrick with any conduct for which they could possibly be

liable.  Mr. Smith provided no additional allegations in his amended complaint against these individuals.  As such, they will be recommended for dismissal.

### B.  Denial of Medical Care

Mr. Smith alleges he was denied exams, tests, scans, blood work, and proper medications.  The only Defendant specifically named with regard to the medical care claims is Dr. McGree and possibly Nurse Brown but it is unclear whether Smith even intends to include Nurse Brown as a Defendant.  Even assuming that both Nurse Brown and Dr. McGree are named Defendants, Smith failed to establish an Eighth Amendment denial of medical care claim.

As the Court pointed out in its first Order, Mr. Smith does not allege that the failure to treat his Hepatitis C between December 3, 2009 and June 21, 2010 resulted "in further significant injury or the unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).  He did not correct this deficiency in his Amended Complaint.

The second element of a denial of medical care claim requires a plaintiff to show that a defendant's response to the need was deliberately indifferent.  *Jett*, 439 F.3d at 1096; *McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1991), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997).  The facts alleged in the original Complaint and the Amended Complaint

-5-

when considered in conjunction with the documents provided in Smith's supplement to his Complaint fail to demonstrate deliberate indifference.  Smith was seen on numerous occasions by Nurse Brown while at Butte-Silver-Bow County Detention Facility.  He was seen at least twice by Dr. McGree.  Although he alleges his cellutitis infection spread quickly, he admits he was taken to the hospital within two days time.  The Court's reading of the Complaint is that Smith requested pain relievers for his back and tests be done for his Hepatitis C.  He admits he was given or at least offered pain relievers on several occasions throughout his incarceration.  This is not deliberate indifference. Moreover, Smith fails to explain how the failure to give him tests for his Hepatitis C resulted "in further significant injury or the unnecessary and wanton infliction of pain." *Jett*, 439 F.3d at 1096.

As with his original Complaint, Mr. Smith failed to allege each Defendants awareness of his medical needs and he failed to explain how each Defendant's response to his need was deliberately indifferent.  *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).  As such, Mr. Smith's medical care claims fail to state a claim upon which relief may be granted.

**C.  Other Claims**

As set forth in the Court's prior Order, Mr. Smith cannot state a claim for an

intentional/negligent deprivation of property under the Due Process Clause of the United States Constitution or a claim for threats/verbal harassment. These claims will be recommended for dismissal.

Similarly, Mr. Smith did not address his access to the courts claim in his amended complaint. Therefore, for the reasons set forth in the Court's prior Order, the access to the Courts claim will also be recommended for dismissal.

## IV.  CONCLUSION

### A.  Leave to Amend

Mr. Smith has failed to state a claim upon which relief may be granted. Mr. Smith was given specific information on the defects contained within his original Complaint and provided an opportunity to amend and correct those defects. He did not do so. Thus, the Court finds that any further attempts to amend would be futile. *See Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998). As such, this case should be dismissed.

### B.  "Strike" under 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g). The Court should designate this case as a "strike"

under this provision because Mr. Smith fails to state a claim upon which relief

may be granted.

### C.    Certification Regarding Appeal

The Federal Rules of Appellate Procedure provide as follows:

> [A] party who was permitted to proceed in forma pauperis in the
> district-court action, or who was determined to be financially unable
> to obtain an adequate defense in a criminal case, may proceed on
> appeal in forma pauperis without further authorization, unless:
>> (A) the district court-before or after the notice of appeal is
>> filed-certifies that the appeal is not taken in good faith or finds
>> that the party is not otherwise entitled to proceed in forma
>> pauperis and states in writing its reasons for the certification or
>> finding;

Fed.R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be

taken in forma pauperis if the trial court certifies in writing that it is not taken in

good faith."  The good faith standard is an objective one.  *See Coppedge v. United

States*, 369 U.S. 438, 445 (1962).  A plaintiff satisfies the "good faith" requirement

if he or she seeks review of any issue that is "not frivolous."  *Gardner v. Pogue*,

558 F.2d 548, 551 (9th Cir. 1977) (quoting *Coppedge*, 369 U.S. at 445).  For

purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in

law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989); *Franklin v.

Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984).  Mr. Smith's failure to state a claim

is so clear no reasonable person could suppose an appeal would have merit.

Therefore, the Court should certify that any appeal of this matter would not be

taken in good faith.

### D. Address Changes

At all times during the pendency of this action, Mr. Smith SHALL

IMMEDIATELY ADVISE the Court of any change of address and its effective

date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."

The notice shall contain only information pertaining to the change of address and

its effective date, except if Mr. Smith has been released from custody, the notice

should so indicate.  The notice shall not include any motions for any other relief.

Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal

of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Based upon the foregoing, the Court issues the following:

### RECOMMENDATIONS

1.  This matter should be **DISMISSED** for failure to state a claim upon

which relief may be granted.

2.  The Clerk of Court should be directed to close this matter and enter

judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3.  The Clerk of Court should be directed to have the docket reflect that the

dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Mr. Smith failed to state a claim upon which relief may be granted.

4.  The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith.  The record makes plain that Mr. Smith's failure to state a claim is so clear no reasonable person could suppose an appeal would have merit.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Mr. Smith may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing.  As this deadline allows a party to act after the Findings and Recommendations is served, it falls under Fed.R.Civ.P. 6(d).  Therefore, three (3) days are added after the period would otherwise expire.

Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge

may accept, reject, or modify, in whole or in part, the Findings and

Recommendations.  Failure to timely file written objections may bar a de novo

determination by the district judge and may waive the right to appeal the District

Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

This order is not immediately appealable to the Ninth Circuit Court of

Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed

until entry of the District Court's final judgment.

DATED this 5th day of November, 2010.


  /s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge