FILED

NOV 24 2010

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | | |
|---|---|---|
| JACOB WAYNE SMITH, | ) | CV 10-00078-M-DWM-JCL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| JOHN WALSH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Jacob Wayne Smith brought this action pursuant to 42 U.S.C. § 1983 alleging he was denied medical attention for a back injury and treatment and tests for Hepatitis C while incarcerated at the Butte Silver-Bow County Detention Facility and the Missoula Assessment and Sanctions Center. Pursuant to 28 U.S.C. § 636(b), the matter was referred to Magistrate Judge Lynch. Smith was granted additional time to file an amended complaint after Judge Lynch determined Smith failed to state a claim for which relief may be granted. (dkt # 8).

Responding to Smith's Amended Complaint, Judge Lynch issued Findings and Recommendations on November 5, 2010, recommending that Smith's amended complaint be dismissed for failure to state a claim upon which relief may be granted. Smith timely objected to the Findings and Recommendations on

-1-

November 16, 2010, and is therefore entitled to *de novo* review of the specified findings or recommendations to which he objects. 28 U.S.C. § 636(b)(1). Despite Smith's objections, I agree with Judge Lynch's analysis and conclusions. Because the parties are familiar with the factual and procedural background, it will not be restated here.

## I.

Smith first objects that he is prejudiced because he was not assigned counsel. As Judge Lynch explained in his prior order (dkt # 5), a § 1983 claimant has no constitutional right to appointed counsel. Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn on other grounds, 154 F.3d 952, 962 (9th Cir. 1998). Nor has Plaintiff shown exceptional circumstances meriting appointment of counsel. See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). As such, Plaintiff's objection has no impact on Judge Lynch's conclusions.

## II.

Smith also asserts that he demonstrated the elements of a denial of medical care claim. To prevail, Smith would have to establish (1) the seriousness of his medical need and (2) the defendant's indifference to that need. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992) overruled on other grounds, WMX Techs., Inc. V. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997).

The facts alleged do not amount to an indifference of a serious medical need that violates the Eighth Amendment. A serious medical need exists if "the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Id. Smith explains that the absence of pain sensors in the liver prevents him from measuring his pain and suffering. This explanation does not rectify the defects in his amended complaint. Mr. Smith does not allege that the failure to treat his Hepatitis C between December 3, 2009 and June 21, 2010 resulted "in further significant injury or the unnecessary and wanton infliction of pain." Allegations related to his back injury suffer the same defect.

Even if Smith alleged that indifference would lead to the requisite serious injury or wanton infliction of pain, he cannot establish the element of deliberate indifference. Smith admits that medical personnel treated him on multiple occasions for his alleged injuries. A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F. 2d 240, 242 (9th Cir. 1989). Mere "'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir.1980) (quoting Estelle v. Gamble, 429 U.S.97, 105–106 (1976)). Deliberate indifference is a higher standard than

negligence or lack of ordinary due care for the prisoner's safety. Farmer v. Brennan, 511 U.S. 825, 835 (1994).

Even if Smith did not receive the tests and treatment he requested, Nurse Brown and Dr. McGee provided him treatment for the alleged injuries. The facts alleged by Smith do not rise to deliberate indifference. Judge Lynch correctly concluded that Smith failed to allege the deliberate indifference element of a denial of medical care claim.

### III.

Smith also objects to Judge Lynch's recommendation that the dismissal count as a strike pursuant to 28 U.S.C. § 1915(g), and to the recommendation that the court certify pursuant to Fed. R. App. P. that any appeal of the decision would not be taken in good faith.

Here, Mr. Smith's claim does not have merit. No reasonable person could suppose an appeal would have merit. It is therefore appropriate that both a strike pursuant to 28 U.S.C. § 1915(g) and a certification that an appeal would not be taken in good faith be entered.

### IV.

Mr. Smith did not specifically object to some of Judge Lynch's Findings

and Recommendations. Those Findings and Recommendations are reviewed for clear error, and I find no clear error.

Accordingly, IT IS HEREBY ORDERED that Judge Lynch's Findings and Recommendations (dkt # 10) are adopted in full. This matter is DISMISSED for failure to state a claim upon which relief may be granted.

IT IS FURTHER ORDERED, the Clerk of Court shall close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED, the Clerk of Court shall have the docket reflect that the dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Mr. Smith failed to state a claim upon which relief may be granted.

IT IS FURTHER ORDERED, the Clerk of Court shall have the docket reflect that the Court certifies pursuant to Fed. R. App. P 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The record makes plain that Mr. Smith's failure to state a claim is so clear no reasonable person could suppose an appeal would have merit.

Dated this 24th day of November, 2010.

Donald W. Molloy, District Judge
United States District Court